IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GERMANTOWN PARKWAY, LLC, et al.,

    Plaintiffs,

v.                                                    No. 2:11-cv-02439-JDB-tmp

CITY OF MEMPHIS, TENNESSEE, et al.,

    Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 17), DENYING
DEFENDANTS' MOTION TO DISMISS (D.E. 10), AND DIRECTING DEFENDANTS TO
RESPOND TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

      The Plaintiffs, Germantown Parkway, LLC and its sole member Steve Cooper, seek to open a bar and restaurant in Shelby County, Tennessee, which would offer "constitutionally protected dance performances by clothed women similar to entertainment presented at the establishment known as Coyote Ugly." (Compl. ¶ 6, Docket Entry ("D.E.") No. 1.) The Plaintiffs applied with Defendants, the City of Memphis, Tennessee and Memphis Permit Administrator Aubrey Howard (collectively the "City"), for a "compensated dance permit," which is required to legally operate such an establishment. (Id. at ¶¶ 7-9.) Purportedly in response to Plaintiffs' application, the Memphis City Council enacted a moratorium on compensated dance permits, and their application was denied as a result. (Id. at ¶¶ 10-18.) Plaintiffs instituted this lawsuit on June 3, 2011, alleging that the actions of the City violated their rights secured by the First and Fourteenth Amendments to the United States Constitution and constituted a bill of attainder in violation of Article I, Section 10 of the Constitution. The Plaintiffs also moved for a preliminary

injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking to enjoin the Defendants from enforcing the permit moratorium. (D.E. No. 3.)

The City filed an answer on June 23 and subsequently moved to dismiss the complaint on the grounds that the Court should refrain from deciding the federal constitutional issues under the Pullman abstention doctrine. (D.E. No. 10.) According to Defendants, unsettled issues of state law, namely application of the pending ordinance doctrine, existed in this case and were more appropriate for consideration by a Tennessee state court. (Id.) The City argued that the state court's ruling could obviate the need for this Court to decide the constitutional issues presented. (Id.)

On August 11, 2011, the Court referred the Defendants' motion to dismiss to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (D.E. No. 15.) The Magistrate Judge issued his report on September 13, 2011, concluding that Defendants' motion should be denied. (D.E. No. 17.)  In the Magistrate Judge's opinion, the pending ordinance doctrine is "neither unclear nor unsettled" as its scope and applicability had been examined in several recent Tennessee appellate court decisions. (Id. at 6.) Thus, he determined that there were no unsettled issues of state law presented which warrant the Court's Pullman abstention. (Id. at 5-6.)

No objections have been filed to the Magistrate Judge's report and recommendation, and the time for objections under 28 U.S.C. § 636(b)(1) has expired. It is therefore ORDERED that the Magistrate Judge's report and recommendation of September 13, 2011, is ADOPTED, and the Defendants' motion for dismissal is DENIED.

In reviewing the Defendants' motion, it appears to the Court that the Defendants presented their abstention argument both in support of their motion for dismissal and in

opposition to the Plaintiffs' motion for a preliminary injunction. As the City has not yet formally responded to the merits of a preliminary injunction, it is directed to do so within twenty (20) days of the entry of this order. After receiving and reviewing the Defendants' response, the Court will, if necessary, set this matter for an evidentiary hearing.

    IT IS SO ORDERED this 10th day of November, 2011.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE